# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Monserrat Belen Arreola,** ) | |
| ) | |
| **PLAINTIFF** ) | |
| ) | |
| v. ) | Case No.:_____ |
| ) | |
| **United States Citizenship and** ) | |
| **Immigration Services, and** ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| **United States Department of** ) | |
| **Homeland Security,** ) | |
| ) | |
| ) | |
| ) | |
| **DEFENDANTS.** ) | |
| ) | |
| ) | |

**COMPLAINT FOR DECLARATORY RELIEF**
**PURSUANT TO 5 U.S.C. § 706(2)(A)**

**INTRODUCTION**

1. This lawsuit challenges the decision of the United States Citizenship and Immigration Services ("USCIS") to deny Plaintiff Monserrat Belen Arreola's petition for U nonimmigrant status (generally called a "U-visa") on the sole basis that USCIS refused to give effect to an immigration judge's issuance of a waiver of inadmissibility concerning Ms. Arreola's U-visa.

2. U-visa applicants must be admissible to the United States or receive a waiver of inadmissibility. Here, the immigration judge presiding over Ms. Arreola's removal proceedings

waived all grounds of inadmissibility related to her U-visa petition. The Seventh Circuit has repeatedly held in published cases binding on USCIS that the immigration judge has authority to do so. *See Meza Morales v. Barr*, 973 F.3d 656, 661 (7th Cir. 2020) (Barrett, J.); *Baez-Sanchez v. Barr*, 947 F.3d 1033, 1036 (7th Cir. 2020) (*Baez-Sanchez II*); *Baez-Sanchez v. Barr*, 872 F.3d 854, 856 (7th Cir. 2017) (*Baez-Sanchez I*); *L.D.G. v. Holder*, 744 F.3d 1022, 1030 (7th Cir. 2014).

3. Indeed, the Seventh Circuit has made clear, in response to "obduracy" from the executive branch, that its holdings on this point are binding and that "the 'judicial Power' under Article III of the Constitution is one to make conclusive decisions, not subject to disapproval or revision by another branch of government." *Baez-Sanchez II*, 947 F.3d at 1036.

4. Here, the executive branch has again flouted the same Seventh Circuit precedents. USCIS's denial of Ms. Arreola's U-visa application rests *solely* on the view that immigration judges lack the authority to issue waivers of inadmissibility. Absent its failure to follow the Seventh Circuit, in other words, USCIS would have granted Ms. Arreola's petition.

5. USCIS violated the Administrative Procedure Act ("APA") by defying clear Seventh Circuit precedent and refusing to accept the immigration judge's waiver of inadmissibility. Ms. Arreola accordingly requests an order vacating the denial of the U-visa application and remanding the application to USCIS for the agency to apply, and follow, *Baez-Sanchez*.

## JURISDICTION

6. This Court has jurisdiction under 28 U.S.C. § 1346 and 28 U.S.C. § 1331. The Court may grant declaratory and injunctive relief under 5 U.S.C. § 702 and 28 U.S.C. §§ 2201-02.

**VENUE**

7. Venue in this District is proper under 28 U.S.C. § 1391(e) because Defendants are officers or employees of the United States or agencies thereof acting in their official capacities, Plaintiff resides within this District, and no real property is involved.

**THE PARTIES**

8. Ms. Arreola is a 38-year-old woman from Mexico who was brought to the United States when she was about three years old. Ms. Arreola lives in Aurora, Illinois.

9. Defendant USCIS is a component of the U.S. Department of Homeland Security ("DHS"). USCIS is the agency responsible for adjudicating U-visa applications.

10. Defendant DHS is an executive agency of the United States with responsibility for administration of U.S. immigration law.

**BACKGROUND**

11. Ms. Arreola was born in Mexico but was brought to the United States by her parents when she was a toddler. Aside from her first three years in Mexico, she has lived her whole life in the greater Chicago area.

12. Ms. Arreola is a victim of years of domestic violence and sex trafficking at the hands of her ex-boyfriend Jean Marc Faison. For more than a decade, beginning when Ms. Arreola was just 15 years old, Mr. Faison severely physically, sexually, and emotionally abused her.

13. On June 7, 2008, in one instance of this abuse, Ms. Arreola refused to allow Mr. Faison to force her to have sex for money with a stranger at a bar. Furious, Mr. Faison took Ms. Arreola outside and beat her so severely that she lost consciousness and fell into a creek under a pedestrian bridge. A passerby found Ms. Arreola and called the police, who took her to a hospital. Ms. Faison was arrested, and though Ms. Arreola was terrified of him, she cooperated with law

enforcement in the investigation into this incident. Mr. Faison was charged with, and convicted of, domestic battery.

14. In November 2010, Ms. Arreola, still under the influence of Mr. Faison's pervasive abuse, was involved in an altercation that resulted in Ms. Arreola being charged with multiple felonies. During this altercation, Mr. Faison ordered Ms. Arreola to fight another woman. Though Ms. Arreola did not want to fight the other woman, Mr. Faison at one point placed a shotgun against her back and ordered her to continue to fight.

15. Ms. Arreola and Mr. Faison were arrested as a result of this incident. The State's Attorney's Office ("SAO") offered Ms. Arreola a sentence of probation if she agreed to testify against Mr. Faison, as the SAO understood Mr. Faison to be primarily at fault. Ms. Arreola, however, was too afraid of Mr. Faison—who had gang affiliations—to accept the deal. Mr. Faison and his gang affiliates had threatened to kill Ms. Arreola's family if she testified against him. After Mr. Faison was convicted in a jury trial, the SAO offered Ms. Arreola an additional plea offer in exchange for her testimony at Mr. Faison's sentencing hearing. Ms. Arreola continued to fear for her life and declined the offer. Even then, the SAO offered Ms. Arreola a third plea offer in which the SAO dropped all but one count, an aggravated felony, to which Ms. Arreola eventually pled guilty.

16. Ms. Arreola was released on monitored parole after completing 85 percent of her 12-year sentence in February 2021. After her release, Ms. Arreola complied with all terms of her parole, enrolled in classes at Lake Land College, and maintained stable employment. Her parole officer, who would later testify at Ms. Arreola's waiver of inadmissibility hearing, praised Ms. Arreola for her genuine desire to rehabilitate herself.

17. One year after her release, Ms. Arreola was apprehended by Immigration and Customs Enforcement and placed in removal proceedings before Immigration Judge Samuel B. Cole in Chicago.

18. On August 25, 2022, Ms. Arreola filed a Form I-918 Petition for U Nonimmigrant Status with USCIS. On December 1, 2022, she filed an accompanying application for a waiver of inadmissibility premised on her status as a victim of abuse.[1] U visas are governed by 8 U.S.C. §§ 1101(a)(13)(U) and 1184(p).

19. On April 14, 2023, while her U-visa Application was still pending with USCIS, Ms. Arreola petitioned Judge Cole for a waiver of inadmissibility under 8 U.S.C. § 1182(d)(3)(A)(ii). On April 27, 2023, Judge Cole held a hearing on Ms. Arreola's waiver petition. After considering all of the evidence and testimony presented, Judge Cole granted Ms. Arreola's petition and issued an Order waiving her inadmissibility under 8 U.S.C. § 1182(a)(2)(A)(i)(I); 8 U.S.C. § 1182(a)(2)(B); 8 U.S.C. § 1182(a)(6)(A)(i); and 8 U.S.C. § 1182(a)(7)(B)(i)(I). The DHS lawyer attending the hearing did not object to Judge Cole's authority to issue the waiver, doubtless because binding Seventh Circuit precedent holds that he had authority to do so. *See, e.g.*, *Baez-Sanchez II*, 947 F.3d at 1036. DHS expressly waived appeal of the Order.

20. On July 17, 2023, USCIS denied Ms. Arreola's U-visa application. *See* Ex. A, Form I-192 Denial. In the denial, USCIS acknowledged Judge Cole's order waiving Ms. Arreola's inadmissibility. Nevertheless, USCIS maintained that "Immigration Judges do not have the authority to adjudicate a request for a waiver of inadmissibility" filed "by a petitioner for U nonimmigrant status." *Id*. at 3.

---

[1] Ms. Arreola has also filed a Form I-914, Application for T Nonimmigrant Status, which is available to victims of severe forms of human trafficking. That application remains pending before USCIS.

5

21. Having erroneously declined to give effect to Judge Cole's waiver order, USCIS denied Ms. Arreola's U-visa petition because it concluded that she was inadmissible on the same grounds that Judge Cole had waived. *See* Ex. A. This conclusion is USCIS's only reason for denying the U-visa petition.

22. USCIS's denial cites *Matter of Khan*, 26 I&N Dec. 797 (BIA 2016), as the sole basis for USCIS's assertion that immigration judges lack authority to grant a waiver of inadmissibility. *See* Ex. A.

23. In the Seventh Circuit, *Matter of Khan* is not good law.

24. After the BIA issued its opinion in *Matter of Khan*, the Seventh Circuit rejected that opinion and reaffirmed its case law reaching a different conclusion. *See Baez-Sanchez I*, 872 F.3d at 856 ("We must decide in this case whether to follow … *Khan*.… The BIA in Khan did not identify any provision that subtracts from the delegation in § 1003.10(a)…. We therefore adhere to the view of *L.D.G.* that [immigration judges] may exercise the Attorney General's powers over immigration.").

25. *Baez-Sanchez* returned to the Seventh Circuit after the BIA "flatly refused to implement [the Seventh Circuit's] decision." *Baez-Sanchez II*, 947 F.3d at 1035. In reaffirming its holding that immigration judges may issue waivers of inadmissibility for U-visa petitioners, the Seventh Circuit made clear that "[m]embers of the [BIA] must count themselves lucky that Baez-Sanchez has not asked us to hold them in contempt." *Id.* at 1035-36.

26. Shortly after *Baez-Sanchez II*, the Seventh Circuit again reiterated its rejection of *Kahn* in favor of the reasoning in *L.D.G.*: "As we have already explained, our circuit allows immigration judges to grant waivers of inadmissibility under § 1182(d)(3)(A) to U visa petitioners in removal proceedings." *Meza Morales*, 973 F.3d at 661 (citing *L.D.G.*, 744 F.3d 1022).

6

27. The Seventh Circuit has thus had several opportunities to consider the issue USCIS places at the heart of its denial of Ms. Arreola's U-visa application: whether immigration judges may grant waivers of inadmissibility. At each turn, the court has reached the conclusion that immigration judges may do so.

28. USCIS's denial of Ms. Arreola's U-visa application, based wholly on its explicit refusal to give effect to the immigration judge's issuance of the waiver of inadmissibility, was a clear violation of binding Seventh Circuit precedent.

## COUNT I
### (Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2))

29. All of the foregoing allegations are repeated and realleged as if fully set forth herein.

30. Under the APA, a "reviewing court shall … hold unlawful and set aside" an agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right" or "without observance of procedure required by law," *id.* § 706(2)(C) & (D).

31. Because it violates binding precedent, USCIS's refusal to give effect to the waiver of inadmissibility violates the APA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Assume jurisdiction over this action;

2. Issue an order vacating the denial of Ms. Arreola's U-visa petition as in violation of the APA and remanding the matter to USCIS for the agency to re-adjudicate the U-visa application in compliance with *Baez-Sanchez* within 90 days;

3. Issue an order declaring that the denial of Ms. Arreola's U-visa petition violates the APA;

4. Grant Plaintiff reasonable costs and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

5. Award such further relief as the Court deems necessary or proper.

Dated: May 23, 2025

Respectfully Submitted,

*/s/ Laura Bernescu*

Laura Bernescu
ARDC No. 6316545
laura.bernescu@skadden.com

Elizabeth Simon
ARDC No. 6315743
elizabeth.simon@skadden.com

Kathleen Schmidt
ARDC No. 6342700
kathleen.schmidt@ skadden.com

Skadden, Arps, Slate,
Meagher & Flom, LLP
320 S. Canal St., Suite 4700
Chicago, IL 60606
T: (312) 407-0700
F: (312) 407-0411

/s/ Charles Roth

Charles Roth
NDIL No. 90785280
croth@immigrantjustice.org

National Immigrant Justice Center
111 W. Jackson Blvd., Suite 800
Chicago, IL 60604

*Attorneys for Monserrat Belen Arreola*