UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Monserrat Belen Arreola,<br><br>    Plaintiff,<br><br>  v.<br><br>United States Citizenship and Immigration Services and United States Department of Homeland Security,<br><br>    Defendants. | Case No. 1:25-cv-05842<br><br>Honorable Jeffrey I. Cummings |

## JOINT INITIAL STATUS REPORT

Plaintiff Monserrat Belen Arreola ("Ms. Arreola" or "Plaintiff") and Defendants United States Citizenship and Immigration Services ("USCIS") and United States Department of Homeland Security, (collectively, "Defendants") hereby submit this Joint Initial Status Report in compliance with the Court's Minute Order dated August 6, 2025, requiring the parties to file a joint initial status report by August 20, 2025. (Dkt. 19).

    **I.    The Nature of the Case**

        A. <u>Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney</u>.

The following are attorneys of record for Plaintiff. There is no lead trial attorney yet designated.

Laura Bernescu (ARDC No. 6316545)
laura.bernescu@skadden.com
Skadden, Arps, Slate, Meagher & Flom, LLP
320 S. Canal St. Ste. 4700
Chicago, IL 60606
T: (312) 407-0700
F: (312) 407-0411

Elizabeth Simon (ARDC No. 6315743)
elizabeth.simon@skadden.com
Skadden, Arps, Slate, Meagher & Flom, LLP
320 S. Canal St. Ste. 4700
Chicago, IL 60606
T: (312) 407-0700
F: (312) 407-0411

Charles Roth (NDIL No. 90785280)
croth@immigrantjustice.org
National Immigrant Justice Center
111 W. Jackson Blvd., Ste. 800
Chicago, IL 60604

The following are attorneys of record for Defendants.

Craig A. Oswald
craig.oswald@usdoj.gov
Assistant United States Attorney
219 South Dearborn St.
Chicago, Illinois 60604
T: (312) 886-9080

Joshua S. Press
joshua.press@usdoj.gov
Assistant United States Attorney
219 South Dearborn St.
Chicago, Illinois 60604
T: (312) 886-7625

B. <u>Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third-party claims</u>.

Plaintiff Monserrat Belen Arreola brings suit against Defendants United States Citizenship and Immigration Services ("USCIS") and the United States Department of Homeland Security (collectively, "Defendants") for violating the Administrative Procedure Act, 5 U.S.C. § 706(2).

C. <u>Briefly identify the major legal and factual issues in the case</u>.

*Plaintiff's view*:

By this lawsuit, Ms. Arreola challenges USCIS' decision to deny her petition for U nonimmigrant status (generally called a "U-visa") on the sole basis that USCIS refused to give effect to an immigration judge's issuance of a waiver of inadmissibility concerning Ms. Arreola's U-visa.

U-visa applicants must be admissible to the United States or receive a waiver of inadmissibility. Here, the immigration judge presiding over Ms. Arreola's removal proceedings waived all applicable grounds of inadmissibility related to her U-visa petition. The Seventh Circuit has repeatedly held in published cases binding on USCIS that the immigration judge has authority to do so. *See e.g., Meza Morales v. Barr*, 973 F.3d 656, 661 (7th Cir. 2020); *Baez-Sanchez v. Barr,* 947 F.3d 1033, 1036 (7th Cir. 2020); *Baez-Sanchez v. Barr*, 872 F.3d 854, 856 (7th Cir. 2017); *L.D.G. v. Holder*, 744 F.3d 1022, 1030 (7th Cir. 2014). Indeed, the Seventh Circuit has made clear, in response to "obduracy"

3

from the executive branch, that its holdings on this point are binding and that "the 'judicial Power' under Article III of the Constitution is one to make conclusive decisions, not subject to disapproval or revision by another branch of government." *Baez-Sanchez*, 947 F.3d at 1036.

Here, the executive branch has again flouted the same Seventh Circuit precedents. USCIS's denial of Ms. Arreola's U-visa application rests solely on the view that immigration judges lack the authority to issue waivers of inadmissibility. Absent its failure to follow the Seventh Circuit, in other words, USCIS would have granted Ms. Arreola's petition. Accordingly, USCIS violated § 706(2) of the Administrative Procedure Act by defying clear Seventh Circuit precedent and refusing to accept the immigration judge's waiver of inadmissibility.

*Defendants' view*:

Defendants deny any violation of § 706(2) of the Administrative Procedure Act. In fact, USCIS reopened plaintiff's U visa petition and issued a request for evidence ("RFE") on June 17, 2025, and plaintiff's response is due to USCIS by September 12, 2025. This means the requisite "final agency action" is lacking here. *See, e.g.*, *Dhakal v. Sessions*, 895 F.3d 532, 539 (7th Cir. 2018) ("Finality is . . . a necessary precondition to our ability to review agency action under the APA.").

D. <u>State the relief sought by any of the parties</u>.

Plaintiff seeks the following relief:

1. That the Court assume jurisdiction over this action;

2. An order vacating the denial of Ms. Arreola's U-visa petition as in violation of the APA and remanding the matter to USCIS for the agency to re-adjudicate the U-visa application in compliance with *Baez-Sanchez* within 90 days;

3. An order declaring that the denial of Ms. Arreola's U-visa petition violates the APA;

4. Reasonable costs and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

5. Other such further relief as the Court deems necessary or proper.

Defendants deny that plaintiff is entitled to the relief sought.

## II.   Jurisdiction

Plaintiff asserts that the Court has jurisdiction under 28 U.S.C. § 1346 and 28 U.S.C. § 1331. The Court may grant declaratory and injunctive relief under 5 U.S.C. § 702 and 28 U.S.C. §§ 2201-02.

### III. Status of Service

Service was sent via certified mail to Defendants and United States Attorney Andrew Boutros on July 23, 2025. The U.S. Attorney's Office for the Northern District of Illinois was served on July 28, 2025.

### IV. Motions

A. There are no pending or anticipated motions at this time.

B. The defendants' deadline to respond to the complaint is September 26, 2025.

C. Defendants will respond to the complaint by motion, if necessary.

B. **Discovery and Case Plan**

A. This case constitutes "an action for review on an administrative record" under Rule 26(a)(1)(B)(i) and is exempt from the initial disclosure requirements of Rule 26(a)(1), as well as from the requirements of Rule 26(f), requiring the parties to prepare a discovery plan.

B. Defendants' view is that because the plaintiff's claims are brought under the Administrative Procedure Act, no discovery is appropriate in this matter. *See, e.g., Dep't of Commerce v. New York*, 588 U.S. 752, 781–82 (2019); *Cronin v. USDA*, 919 F.2d 439, 443–44 (7th Cir. 1990); *Sokaogon Chippewa Cmty. v. Babbitt*, 929 F. Supp. 1165, 1172 (W.D. Wis. 1996). Plaintiff does not dispute that this case is subject to the administrative record rule.

6

C. The parties do not request a jury trial in this case.

C. **Consent and Settlement Discussions**

A. The parties do not unanimously consent to proceed before a Magistrate Judge.

B. No settlement discussions have been conducted to date. The parties do not request a settlement conference at this time.

DATED: August 20, 2025

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
By: /s/ Elizabeth Simon
ELIZABETH SIMON

Attorney for Plaintiff
Monserrat Belen Arreola

ANDREW S. BOUTROS
United States Attorney

By: /s/ Craig A. Oswald
 CRAIG A. OSWALD
 Assistant United States Attorney
 219 South Dearborn Street
 Chicago, Illinois 60604
 (312) 886-9080
 craig.oswald@usdoj.gov

By: /s/ Joshua S. Press
 JOSHUA S. PRESS
 Assistant United States Attorney